UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| IVELISSE RIVERA, | ) | |
|---|---|---|
| *Plaintiff*, | ) ) ) | Case No. 3:21-cv-273 |
| v. | ) ) ) | Judge Atchley Magistrate Judge Poplin |
| REP CORPORATION NA, | ) ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Partial Dismissal [Doc. 12] filed by Defendant REP Corporation NA. Plaintiff Ivelisse Rivera responded in opposition [Doc. 14] and Defendant replied [Doc. 15]. For the following reasons, Defendant's Motion for Partial Dismissal [Doc. 12] is **GRANTED IN PART** and **DENIED IN PART**.

**I.      BACKGROUND**

This case arises out of Defendant's termination of Plaintiff's employment after Plaintiff asked permission to stay home due to her health concerns amid the COVID-19 pandemic.

**A.      The Emergency Paid Sick Leave Act ("EPSLA")**

In March 2020, Congress enacted the Families First Coronavirus Response Act ("FFCRA") to address pressing concerns that arose out of the COVID-19 pandemic. Pub. L. No. 116-127, 134 Stat. 178 (2020). One part of FFCRA is the Emergency Paid Sick Leave Act ("EPSLA") which was effective through December 31, 2020. §§ 5101-5111, 134 Stat. at 195-201. The EPSLA provided that:

> An employer shall provide to each employee employed by the employer paid sick time to the extent that the employee is unable to work (or telework) due to a need for leave because:

> **(1)** The employee is subject to a Federal, State, or local quarantine or isolation order related to COVID-19.
>
> **(2)** The employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19.
>
> **(3)** The employee is experiencing symptoms of COVID-19 and seeking a medical diagnosis. . .

*EPSLA*, § 5102. Qualifying full-time employees were entitled to eighty hours of sick leave. *Id.* Employers were required to "post and keep posted in conspicuous places on [their] premises" a notice approved by the Secretary of Labor, explaining the EPSLA's requirements. *Id.* at § 5103.

The EPSLA's enforcement provision made it "unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who . . . takes leave in accordance with [the] Act." § 5104, 134 Stat. at 196-97. An employer who did not pay sick leave as required by the Act or who unlawfully terminated an employee who took leave under the Act was considered to be in violation of the Fair Labor Standards Act. § 5105(b), 134 Stat. at 197.

Employees taking sick time under EPSLA were required to provide reasonable notice to employers. *Id.* at § 5110.5(e). Specifically, the Act provided that "[a]fter the first workday (or portion thereof) an employee receives paid sick time under [the] Act, an employer may require the employee to follow reasonable notice procedures in order to continue receiving such paid sick time." *Id.* If an employee did not provide proper notice, a Department of Labor ("DOL") regulation provided that "the employer should give him or her notice of the failure and an opportunity to provide the required documentation prior to denying the request for leave." 29 C.F.R. § 826.90 (2020).

Employees taking paid sick time were also required to provide documentation of (1) the employee's name; (2) date(s) for which leave is requested; (3) qualifying reason for the leave; (4) oral or written statement that the employee is unable to work because of the qualified reason for

leave; and if applicable, "the name of the health care provider who advised the Employee to self-quarantine due to concerns related to COVID-19." 29 C.F.R. § 826.100(a), (c)(2). The version of § 826.100(a) that the DOL issued in April of 2020 further provided that employees must submit documentation "prior to taking paid sick leave." However, that requirement directly conflicted with the EPSLA itself, which permits an employee to submit notice of leave-taking, if required by the employer, after the first work-day or a portion thereof. EPSLA, § 5110.5(e). Accordingly, some courts have recognized that the April regulation was invalid. *See, e.g. Redmon v. Advanced Elec. Sys.*, No. 3:21-CV-90-CRS, 2021 U.S. Dist. LEXIS 186042, at *14 (W.D. Ky. Sep. 28, 2021). In September 2020, the DOL amended § 826.100(a) to require documentation "as soon as practicable, which in most cases will be when the employee provides notice under section 826.90."

B. **FACTUAL AND PROCEDURAL BACKGROUND**

1. **Factual Background**

The facts of the case, as represented in Plaintiff's Amended Complaint, are as follows. Plaintiff began working for Defendant in 2014 and was afterward promoted to the position of Team Lead. [Doc. 11 at ¶ 8]. On July 8, 2020, Plaintiff met with her direct supervisor, Josh Beachum, to request vacation leave so that she could care for her sick mother in Florida. [*Id.* at ¶ 9]. Beachum approved her request. [*Id.*]. While on leave in Florida, Plaintiff received a company-wide email from president James Wirtz, informing employees that Beachum had tested positive for COVID-19. [*Id.* at ¶10]. Wirtz also advised employees to get tested and to work from home if possible. [*Id.*]. Plaintiff replied to Wirtz's email, letting him know that she planned to quarantine and work from home when she returned to Tennessee. [*Id.* at ¶ 11]. On the following day, Wirtz sent another email, explaining that certain protocols were now in place and instructing certain workers, including Plaintiff, to return to the office. [*Id.* at ¶ 12].

3

When she returned to Tennessee, Plaintiff told Wirtz that she needed to make an appointment with her doctor and get tested for COVID-19 because she was suffering from COVID-like symptoms such as coughing and feverishness; was at risk of serious illness from COVID-19 due to her autoimmune diseases; and had been exposed to Beachum shortly before he tested positive. [*Id.* at ¶ 13]. Wirtz told Plaintiff to "get it together, girl" and instructed her to return to the office. [*Id.*]. Plaintiff asked why it was important for her to return to in-person work when most other employees were working from home. [*Id.* at ¶ 14]. Wirtz replied that Plaintiff's presence was needed because the two employees who reported to Plaintiff were not focusing on their work. [*Id.*]. Plaintiff pointed out that those two employees were working from home. [*Id.* at ¶ 14].

On July 20, 2020, Plaintiff returned to the office as instructed and within a few hours, she learned that two additional coworkers had tested positive. [*Id.* at ¶ 15]. Plaintiff reiterated her health concerns to Wirtz. [*Id.* at ¶ 16]. In response, Wirtz told Plaintiff that if she did not return to the office the next day, he would place her on a list of employees to be laid off if such a measure became necessary. [*Id.*]. Plaintiff was unable to obtain an immediate COVID-19 test or an appointment with her doctor. [*Id.* at ¶ 17]. Consequently, she "made the decision not to return to the office the following day." [*Id.*]. Plaintiff again told Wirtz why she believed her symptoms and health conditions made it necessary to work from home or take a "brief leave." [*Id.* at ¶ 18]. Wirtz fired her the following day. [*Id.*]. Plaintiff's separation notice cited "significantly reduced business demand" as the reason for the termination. [¶ 19].

A few days after her termination, Plaintiff obtained a medical note from a physician that, according to Plaintiff, established her eligibility for paid sick time under the EPSLA. [*Id.* at ¶ 40].

4

Defendant did not post a notice regarding the EPSLA's requirements or notify Plaintiff that documentation for her leave request was deficient. [*Id.* at ¶ 42].

### 2. Procedural Background

In July 2021, Plaintiff filed suit against Defendant, raising claims of discrimination under the Americans with Disabilities Act ("ADA") and retaliation under the EPSLA portion of FFCRA. [Doc. 1]. In September of 2021, Plaintiff filed an Amended Complaint, raising the same claims that she raised in the initial complaint, along with the additional allegation that "[a]dditionally, or in the alternative," Defendant failed to comply with EPSLA's notice requirements. [Doc. 11].

In October 2021, Defendant filed the instant Motion for Partial Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 12]. Defendant's motion concerns only the claims that Plaintiff raises pursuant to the EPSLA. [*Id.*]. In the motion, Defendant argues that Plaintiff fails to state a retaliation claim under the EPSLA because (1) she did not engage in conduct that is protected under the Act and (2) she failed to satisfy the EPSLA's documentation requirements. Defendant also argues that no private right of action exists based on an employer's failure to follow the EPSLA's notice requirements. In response, Plaintiff argues that she has properly stated a retaliation claim. [*See generally* Doc. 14]. However, she concedes there is no private right of action for an employer's failure to post EPSLA procedures and asserts that she did not intend to raise a stand-alone claim on that basis. [*Id.* at 6-7].

## II. STANDARD OF REVIEW

Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the Court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the

5

plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Engler v. Arnold*, 862 F.3d 571, 574-75 (6th Cir. 2017) (internal quotations omitted).

"The [plaintiff's] factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 575 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

## III. ANALYSIS

### A. Plaintiff's Retaliation Claim under the EPSLA

Plaintiff's retaliation claim is based on the theory that Defendant unlawfully retaliated against her for attempting to take sick leave in accordance with the EPSLA. [Doc. 11 at ¶ 41]. Defendant contends that Plaintiff fails to state a retaliation claim because attempting to take sick leave is not protected conduct under the EPSLA and Defendant failed to comply with EPSLA's documentation requirement. [*See, e.g.* Doc. 12 at 7].

#### 1. "Taking Leave" Under the Act

First, Defendant argues that Plaintiff fails to state a claim because she did not actually take leave under the Act. [*Id.* at 5]. EPSLA's enforcement provision prohibits an employer from retaliating against an employee who "takes leave in accordance with [the] Act." EPSLA, § 5104(1).

Defendant reasons that Plaintiff's conduct is not protected because she only *attempted* to take EPSLA-based leave.

In support of this argument, Defendant cites *Colombe v. SGN, Inc.*, No. 5:20-CV-374-REW, 2021 U.S. Dist. LEXIS 59485 (E.D. Ky. Mar. 29, 2021). There, the court concluded that the plaintiff did not actually take leave under the Act, in part because she did not submit documentation in advance.[1] Addressing the question of whether an attempt to take leave is protected, the court compared the EPSLA enforcement provision with the enforcement provision in the Family and Medical Leave Act ("FMLA") anti-retaliation statute, which explicitly protects against interference with "the attempt to exercise" a right to leave. *Id.* at *12 (citing 29 U.S.C. § 2615(a)(1)). Observing that the EPSLA provides no such protection, the court concluded that EPLSA's protection "does not extend to requests for or attempts to take leave." *Id.*

In response, Plaintiff cites *Gracia v. Law Offices of Alexander E. Borell*, 535 F. Supp. 3d 1268 (M.D. Fla. 2021), which she contends is factually similar to this case. [Doc. 14, at 3-4]. In *Gracia*, the plaintiff was terminated shortly after informing her employer that she had been exposed to COVID-19 and needed to self-quarantine. *Id.* at 1269. Finding that the plaintiff stated a claim under the EPSLA, the court interpreted the Act's enforcement provision broadly to include situations where an employee who requested sick time is fired before actually beginning leave. *Id.* at 1273.[2]

---

[1] The *Colombe* court appears to have relied on the invalid April regulation requiring documentation in advance of taking leave under EPSLA.

[2] At least one other court has found that an employee who was fired before being able to take sick leave qualified for EPSLA protection. *See Hartzell v. Adaptable Sys. Corp.*, No. 21-1873-KSM, 2022 U.S. Dist. LEXIS 85776, at *42 (E.D. Pa. May 11, 2022) ("[W]e interpret § 5104's requirement that an employee 'took leave,' to encompass a situation...where the employee requested leave under the EPSLA but was fired before that leave commenced."); *but see Piotrowski v. Signature Collision Ctrs., LLC*, No. 2:21-cv-02115-JDW, 2021 U.S. Dist. LEXIS 194688 (E.D. Pa. Oct. 8, 2021) at *3 (employee's 'request and attempt' to take leave insufficient to state a retaliation claim under EPSLA).

7

The Court finds that Plaintiff has alleged sufficient facts to support an inference that she engaged in conduct protected by EPSLA. Plaintiff failed to return to the office after she learned that two employees had tested positive for COVID-19. Hence, she took leave. Moreover, Plaintiff has alleged facts showing that she was experiencing symptoms of COVID-19 and seeking a medical diagnosis, which is a qualifying reason for leave. Indeed, Plaintiff also suggests that she took leave based on medical advice to self-quarantine, which is another qualifying reason for leave under the Act. [*See* Doc. 11 at ¶ 40]. It is less clear whether this reason is factually supported because Plaintiff indicates that she did not visit a healthcare provider until several days *after* being terminated. In any event, only one qualifying reason is needed to support eligibility for sick time under the EPSLA. Because Plaintiff took leave for a qualifying reason under EPSLA, one could conclude that she effectively took leave under the Act. The fact that Plaintiff has labelled her conduct as an "attempt" does not defeat her claim.

Indeed, to conclude otherwise would be inconsistent with the purposes of EPSLA. As the *Gracia* court observed, "[t]he Act strives to shield employees from COVID-19-related discrimination—not insulate employers from EPSLA lawsuits." 535 F. Supp. 3d at 1272. It would defeat the purpose of the EPSLA if employers could avoid liability under the Act simply by terminating any employee who requested leave.

Accordingly, the Court will deny Defendant's motion to the extent that it is based on the assertion that Plaintiff did not engage in protected conduct.

2.  **Documentation Requirement**

Defendant also argues that Plaintiff fails to state a claim because she failed to allege strict compliance with EPSLA's documentation requirement. [Doc. 12, at 5-6]. Specifically, Defendant points out that Plaintiff has not alleged that she provided documentation of her requested leave

8

Case 3:21-cv-00273-CEA-DCP   Document 24   Filed 09/30/22   Page 8 of 12   PageID #: 88

dates or the name of the healthcare worker who advised her to self-quarantine [*Id.*]. According to Defendant, these deficiencies are fatal to Plaintiff's claim.

In response, Plaintiff cites *Haddon v. Jesse Stutts, Inc.*, No. 5:20-cv-01830-HNJ, 2021 U.S. Dist. LEXIS 136786, at *11 (N.D. Ala. July 22, 2021). There, the defendant in an EPSLA enforcement retaliation suit argued that the plaintiff's failure to allege facts showing strict compliance with the documentation requirement. *Id.* at *9. The Court rejected this argument, observing that because the employer knew plaintiff's name and reason for needing leave, the complaint contained "sufficient allegations to warrant the plausible inference that [plaintiff] satisfied the [documentation] requirement." *Id.* at *13. Plaintiff also argues that the documentation requirement should not be strictly construed against her, given that Defendant failed to notify her of EPSLA procedures, as required by the Act. [Doc. 14, at 5-6].

That Plaintiff did not specifically plead every element of the documentation requirement is not fatal to her claim. The EPSLA does not make the submission of documentation a prerequisite for taking leave under the Act. Although a DOL regulation from April of 2020 purported to require documentation in advance, that regulation was invalid because it directly conflicted with the EPSLA itself. *See Payne v. Wood Servs., Inc.,* 520 F. Supp 3d 670, 677 (E.D. Pa. 2021) (finding that the April version of § 826.100(a) "was in place at the time of Plaintiff's firing is irrelevant when the [r]ule itself was not lawfully promulgated."); *but see Colombe*, No. 5:20-CV-374-REW, 2021 U.S. Dist. LEXIS 59485, at *8-9 (concluding based on the April regulation that documentation must be submitted in advance in order for an employee to "take leave" under the Act). Moreover, at this stage of the proceedings, Plaintiff is not required to plead facts to support every statutory requirement. *Johnson v. Gerresheimer Glass Inc.*, No. 21-cv-4079, 2022 U.S. Dist. LEXIS 5984, at *8 (N.D. Ill. Jan. 12, 2022) (at the pleadings stage, it would be "manifestly

9

inappropriate" to require a plaintiff to plead every element of the EPSLA documentation requirement).

The Amended Complaint also indicates that the documentation requirement was substantially met. Plaintiff's name was known to Defendant. Plaintiff informed Defendant of (i) the reason for her leave request; (ii) her inability to work in the office and willingness to telework, had that option been available; and (iii) the general timeframe of her request, which was a "brief" period of leave that would begin immediately. Accordingly, Defendant had sufficient information to determine whether Plaintiff qualified for paid sick time under the EPLSA.

Finally, the Court agrees with Plaintiff that strict enforcement of the documentation requirement is not warranted here. As Plaintiff points out, Defendant failed to post the required notice of the EPSLA's requirements, never requested documentation, and failed to afford Plaintiff an opportunity to cure any deficiencies.[3] *See Russo v. Johnson*, No. 3:20-cv-00820, 2022 U.S. Dist. LEXIS 97574, at *65 (M.D. Tenn. June 1, 2022) (liberally construing EPSLA's notice requirement where it was unclear whether Defendant provided the notice required under EPSLA). Also, Plaintiff could hardly be expected to provide documentation to Defendant after she was fired, which happened within twenty-four hours of her taking leave. *Lee v. Stegall, Inc.*, Civil Action No. 7:21-cv-00528, 2022 U.S. Dist. LEXIS 157255, at *12 (W.D. Va. Aug. 31, 2022) ("It would be nonsensical for this court to dismiss [Plaintiff's] claim because he did not provide

---

[3] Plaintiff specifically argues that Defendant should be "equitably estopped" from raising non-compliance with documentation requirements as a basis for dismissal. [Doc. 11 at ¶ 42]. However, as Defendant points out, a claim of equitable estoppel requires a showing of intentional misrepresentation by the party to be estopped and Plaintiff has not alleged facts supporting such a theory. [Doc. 15, at 5]; *see Egerer v. Woodland Realty, Inc*., 556 F.3d 415, 424-25 (6th Cir. 2009) (citing *Sprague v. Gen. Motors Corp*., 133 F.3d 388, 403 (6th Cir. 1998)) (reciting the elements of an equitable estoppel claim). Nevertheless, as noted above, the Court agrees with Plaintiff that under the circumstances of this case, strict application of the documentation requirement is not appropriate.

documentation after he was already terminated, especially in the absence of any request for such documentation by [the employer].").

Thus, the Court will deny Defendant's motion to dismiss Plaintiff's retaliation claim based on her failure to specifically plead every aspect of the documentation requirement.

### B. Failure to Post Notice

In the Amended Complaint, Plaintiff also appears to assert a theory of recovery based on Defendant's failure to post an EPSLA notice. [Doc. 11 at ¶ 42]. EPSLA required employers to "post and keep posted in conspicuous places on [their] premises" a notice approved by the Secretary of Labor, explaining the EPSLA's requirements. EPSLA, § 5103. However, the employer notice requirement is not mentioned in EPSLA's enforcement provision, §5104, and there is no other provision in the Act suggesting that an employer's failure to post EPLSA notice is actionable. Accordingly, Defendant asserts that Plaintiff fails to state a claim on that basis. [Doc. 12 at 6]. In response, Plaintiff asserts that she never intended to raise a separate claim based on Defendant's failure to post EPSLA notice. [Doc. 14, at 6-7].

In any event, the Court agrees with Defendant that EPSLA does not create a private right of action based on the employer's noncompliance with the notice requirement. *See Colombe*, No. 5:20-CV-374-REW, 2021 U.S. Dist. LEXIS 59485, at *14-15 ("The [EPSLA] enforcement section does not provide a tool, and certainly no private action, with respect to a failure to comply with § 5103, the notice section."). Therefore, to the extent that the Amended Complaint purports to raise such a claim, the claim will be dismissed.

### IV. CONCLUSION

Accordingly, Defendant's Motion for Partial Dismissal [Doc. 12] is **GRANTED IN PART** and **DENIED IN PART** as set forth herein. Defendant's motion to dismiss Plaintiff's retaliation

claim under the EPSLA is **DENIED**. Defendant's motion to dismiss any claim to relief based on Defendant's alleged failure to post EPSLA notice is **GRANTED**, and to the extent Plaintiff asserts such a claim, it is **DISMISSED**.

    **SO ORDERED.**

    */s/ Charles E. Atchley, Jr.*
    **CHARLES E. ATCHLEY, JR.**
    **UNITED STATES DISTRICT JUDGE**